## Case No. 14,216.

### TUCKER v. BURDITT et al.

[4 Ban. & A. 569.] [1]

Circuit Court, D. Massachusetts. Oct., 1879.

PATENTS — PRELIMINARY INJUNCTION — FORMER SUIT—NEW ARTICLE—NEW PROCESS—REISSUE.

1. Upon a motion for a preliminary injunction, the defendants showed that, in a prior suit against the manufacturers who had supplied them with the infringing articles, the complainant had obtained an interlocutory decree: *Held*, not a sufficient reason for withholding the injunction.

2. Such infringing articles could not be released from the monopoly of the patent until a final decree, in the former suit, had been rendered, and satisfied.

3. Where an original patent describes a new article made by a new process, the reissue may be in two parts, one for the process, and one for the article of manufacture

[This was a bill in equity by Hiram Tucker against Charles A. Burditt and others for the infringement of letters patent No. 40,964, granted to plaintiff December 15, 1863, reissued September 11, 1866, Nos. 2,355 and 2,356.]

C. M. Reed, for complainant.

C. E. Mitchell, for defendants.

LOWELL, Circuit Judge. In the year 1863 the plaintiff patented a new and ingenious process for bronzing iron, and in 1866 the patent was surrendered and reissued in two patents, one for the process, and one for the manufacture. The patent for the process has been twice sustained; by Justice Clifford, in this district (Tucker v. Tucker Manuf'g Co. [Case No. 14,227]), and by Judge Shipman, in Connecticut. In the latter case, the suit was against P. & F. Corbin, the manufacturers who have supplied the defendants with the articles of bronzed iron, the sale of which the plaintiff seeks to enjoin.

For the purposes of this hearing, the novelty and validity of the patent for the process are admitted, and infringement of the second patent is not seriously questioned. Objection is taken that the subject matter will not admit of a valid patent for a new article of manufacture; that the commissioner exceeded his power in issuing two patents; that the decree against the manufacturers frees the article from the monopoly of the patent.

Taking the third point first, the evidence is that the master's report has not yet been made up in the case against the Corbins, and of course no final decree has been rendered or satisfied, and it cannot be known when, if ever, it will be satisfied. Possibly, when that event occurs, the profit upon these articles will be found to have been included; and, if so, I should suppose the articles themselves would be thereafter exempted from injunction. When that time comes, the defendants can raise the question.

In respect to the issue of two patents a large discretion is left to the commissioner; the matter is specially made discretionary with him in the existing law (Rev. St. § 4916); and such was the construction of the earlier statute (Bennet v. Fowler, 8 Wall. [75 U. S.] 445); and especially in the case of a new article made by a new process, the reissue of separate patents has been pronounced valid (Goodyear v. Providence Rubber Co. [Case No. 5,583], 9 Wall. [76 U. S.] 788).

The last objection, that the bronzing of iron does not make it a new article of manufacture within the meaning of the patent law, has been ably argued. The objection does not strike me with sufficient force to require, in this case, that an injunction should be withheld. The patent is prima facie valid, and I do not at present see why it may not be sustained. The articles sought to be enjoined must, as I understand it, derive a very considerable part of their value from the beauty given them by the patented process, and, therefore, there is no reason for refusing to enjoin, on the ground that the damage by injunction will be excessive. Injunction granted.

[For hearing on a motion for an attachment on account of breach of an injunction, see 5 Fed. 808.]

[For other cases involving this patent, see note to Tucker v. Tucker Manuf'g Co., Case No. 14,227.]